Eastern District of Kentucky
**FILED**
APR 27 2023
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 6:23-CR-018-REW

**THURMAN J. SIZEMORE,**
    aka **THURMAN NOBLE**

* * * * *

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about January 6, 2022, in Perry County, in the Eastern District of Kentucky,

**THURMAN J. SIZEMORE,**
aka **THURMAN NOBLE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about January 10, 2022, in Perry County, in the Eastern District of Kentucky,

**THURMAN J. SIZEMORE,**
aka **THURMAN NOBLE,**

did knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about January 10, 2022, in Perry County, in the Eastern District of Kentucky,

**THURMAN J. SIZEMORE,
aka THURMAN NOBLE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is (1) a SCCY, CPX-2, 9mm caliber handgun, with serial number 902383; and (2) a SCCY, CPX-2, 9mm caliber handgun, with serial number 949380, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 4
## 21 U.S.C. § 841(a)(1)

On or about May 17, 2022, in Perry County, in the Eastern District of Kentucky,

**THURMAN J. SIZEMORE,
aka THURMAN NOBLE,**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Counts 1, 2, and 4 of the Indictment, **THURMAN J. SIZEMORE** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **THURMAN J. SIZEMORE** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offense alleged in Count 3 of the Indictment, **THURMAN J. SIZEMORE** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. § 922. Any and all interest that **THURMAN J. SIZEMORE** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

### CURRENCY:

$3,695 in United States currency seized on January 10, 2022.

### FIREARMS AND AMMUNITION:

a. SCCY, CPX-2, 9mm caliber handgun with serial number 902383 seized from Thurman J. Sizemore on January 10, 2022;

    b. SCCY, CPX-2, 9mm caliber handgun with serial number 949380 seized from Thurman J. Sizemore on January 10, 2022; and

    c. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

*/s/ signature*

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

### COUNTS 1, 2, and 4:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If responsible for 50 grams or more of a mixture or substance containing methamphetamine:** Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 3:

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.