UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:23-CR-18-REW

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.                                       **PLEA AGREEMENT**

THURMAN J. SIZEMORE
    aka THURMAN NOBLE                                               DEFENDANT

\* \* \* \* \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts Two and Four of the Indictment. Court Two charges a violation of 21 U.S.C. § 841, possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Count Four charges a violation of 21 U.S.C. § 841, possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One and Three. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count Two are:

 (a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

 (b) The Defendant had the intent to distribute such substance.

The essential elements of Count Four are:

 (a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

 (b) The Defendant had the intent to distribute such substance; and

 (c) The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3. As to Counts Two and Four, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

 (a) On or about January 10, 2022, in Perry County, law enforcement conducted a traffic stop on a vehicle occupied by the Defendant. During a search of the vehicle, law enforcement located 23.05 grams of fentanyl and 2.5 grams of methamphetamine. These controlled substances were in the possession of the Defendant and he intended to distribute them. During the same traffic stop, the law enforcement also located a firearm, which was also in the possession of the Defendant.

 (b) The Defendant was incarcerated at the Kentucky River Regional Detention Center, but he continued to maintain a stash of methamphetamine at his mother's residence in Perry County. Using the jail communication systems (which were recorded) the Defendant arranged for the distribution of this stashed methamphetamine. On May 17, 2022, after reviewing the Defendant's recorded jail communications, law enforcement conducted a search of the residence and seized approximately 240 grams of the defendant's stashed methamphetamine. Despite being incarcerated, the Defendant

maintained constructive possession and control over this methamphetamine and intended to distribute it.

4. The statutory punishment for Count Two is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. The statutory punishment for Count Four is imprisonment for not less than 5 years and not more than forty years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The 2021 version of the United States Sentencing Guidelines ("U.S.S.G.") Manual shall be used to determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 400 kilograms but less than 700 kilograms of converted drug weight (methamphetamine mixture and fentanyl), which corresponds to a base offense level of 26.

(c) Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the offense level by 2 levels because the Defendant possessed a dangerous weapon.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that all of the property listed in the forfeiture allegation of the Indictment is subject to forfeiture because the United States can prove by a preponderance of the evidence that a nexus exists between the property and the offense. The Defendant also consents to the administrative forfeiture to the United States of two firearms seized from the Defendant on or about January 25, 2023 (i.e., SCCY 9mm pistol with serial number C115458 and Remington Arms 3006-.30-.06 caliber rifle with serial number B7001658) and any associated ammunition and accessories and will execute

any documents necessary for this forfeiture, including but not limited to the FBI Consent to Forfeiture and Waiver of Timely Notice form. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and a criminal violation authorizing forfeiture. The Defendant waives any and all provisions of Federal Rule of Criminal Procedure 32.2 and 18 U.S.C. § 983 pertaining to notice and the timing of any forfeiture orders or administrative forfeiture and also waives all constitutional, legal, or equitable claims arising out of the seizure and forfeiture.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/10/23                By: *[signature]*
                                 Andrew H. Trimble
                                 Assistant United States Attorney

Date: 8-10-23                *[signature: Thurman Sizemore]*
                             Thurman J. Sizemore
                             Defendant

Date: 8-10-23                *[signature]*
                             Bryan Kenneth Sergent
                             Attorney for Defendant

6